UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| PAUL JOSEPH HARCZ, JR., *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 17-00112 |
| | ) | |
| BRODY BOUCHER, *et al.*, | ) | Hon. Gordon J. Quist |
|     Defendants. | ) | |

**PROPOSED JOINT DISCOVERY PLAN**

In anticipation of the telephone scheduling conference currently set for August 22, 2019, the parties jointly submit this proposed discovery plan.

**1.**     **Jurisdiction**

The Court has subject-matter jurisdiction over plaintiffs' First and Fourth Amendment claims in Counts I, III, and IV of the Complaint, which are federal claims arising under the laws of the United States, pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over plaintiff Harcz's claims arising under Michigan law, in Counts V and VI of the Complaint, pursuant to 28 U.S.C. § 1367. There are no objections to this Court's jurisdiction.

**2.**     **Jury or Non-Jury**

This case is to be tried before a jury.

**3.**     **Judicial Availability**

The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case**

Plaintiffs allege that Defendants violated their First Amendment rights when Defendants barred Plaintiffs from entering a celebration of the 25th anniversary of the Americans with Disabilities Act, which was being held on the grounds of the Michigan State Capitol and was free and open to the public. Plaintiff Harcz further alleges that Defendants violated his Fourth Amendment rights and Michigan state law when Defendants arrested him or caused him to be arrested for resisting what he believed were the police's unlawful orders barring him from the ADA event, and when Defendants purportedly created false reports and gave false testimony to justify the arrest and prosecution. Defendants deny Plaintiffs' claims and assert the protections of qualified immunity and any other available defenses.

5. **Prospects of Settlement**

Counsel for Plaintiffs (Julie Porter and Jennifer Salvatore) and for Defendants (John Fedynsky) are in the process of exploring settlement, including whether a mediation or a settlement conference with the magistrate judge would be fruitful. Plaintiffs have communicated a settlement proposal to Defendants. The parties will apprise the Court if we are able to reach a resolution.

6. **Pendent State Claims**

This case does include pendent state claims. In Count V, plaintiff Harcz sues certain Defendants for false arrest and false imprisonment under Michigan law; and in Count VI, plaintiff Harcz sues certain Defendants for malicious prosecution under Michigan law. Defendant does not object to the Court's retaining the pendent claims.

7. **Joinder of Parties and Amendment of Pleadings**

Neither party expects to join parties or amend the pleadings.

8. **Disclosures and Exchanges**

a. Fed. R. Civ. P. 26(a) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: parties to exchange disclosures by *October 11, 2019*.

b. The plaintiffs expects to be able to furnish the names of plaintiffs' expert witnesses by *January 10, 2020*. Defendants expect to be able to furnish the names of Defendants' expert witnesses by *March 10, 2020*.

c. It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports from Plaintiffs' experts will be due 90 days before the close of discovery; reports from Defendants' experts will be due 30 days before the close of discovery.

d. The parties have agreed to make available the following documents without the need of a formal request for production: (i) From Plaintiffs to Defendants, all documents in Plaintiffs' possession that relate to the Complaint's allegations, including materials obtained via FOIA requests before filing, by *September 6, 2019*; (ii) from Defendants to Plaintiffs, Michigan State Police incident reports related to this incident, by *September 6, 2019*.

9. **Discovery**

The parties believe that all discovery proceedings can be completed by *April 30, 2020*. The parties do not recommend phasing or limiting discovery, except that the parties

agree that the presumptive time limit for depositions in this case should be modified to four hours per deposition. The parties will follow the Federal Rules of Civil Procedure and this Court's local rules and will work together in good faith to reach agreement as much as possible.

**10.     Disclosure or Discovery of Electronically Stored Information**

The parties have discussed the production of electronically stored information and suggest that they will work together to ensure efficient and effective exchange of electronically stored information. The parties do not anticipate disputes on this issue.

**11.     Assertion of Claims of Privilege or Work-Product Immunity After Production**

The parties agree to notify one another if a privileged or work-product item is inadvertently produced during discovery and that the responding party will return that item and make no use of it in the case.

**12.     Motions**

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party: (i) Plaintiffs do not contemplate dispositive motions at this time; (ii) Defendants anticipate filing a dispositive motion asserting qualified immunity.

The parties anticipate that all dispositive motions will be filed by *May 29, 2020.*

13.  **Alternative Dispute Resolution**

In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. The parties are currently discussing whether ADR might assist the parties in reaching resolution of the case before discovery commences and will notify the Court if such a proceeding would be useful. The parties do not consent to a case-evaluation referral. Plaintiffs are open to a referral for facilitation, particularly if there is a low-cost option available. Defendants would suggest a settlement conference with the magistrate judge after the close of discovery, or earlier upon agreement and request by counsel.

14.  **Length of Trial**

Plaintiffs' counsel estimates that the trial will last approximately 14 days total, allocated as follows: two days for jury selection and arguments; nine days for Plaintiffs' case; three days for Defendants' case. Defendants' counsel believes a jury selection, arguments, Plaintiffs' proofs (3-4 days), and Defendants' proofs (2-3 days) can be accomplished in 5-7 total trial days.

15.  **Electronic Document Filing System**

Counsel understand the Court's requirements to use the electronic document filing system.

16.  **Other**

Five of the seven Plaintiffs in this case are blind. Provisions will need to be made during discovery and trial to ensure that all exhibits and documents are accessible to Plaintiffs.

5

Dated:  August 19, 2019

<table>
<tr><td>

*s/* Julie B. Porter
Julie B. Porter (P81386)
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
porter@spplawyers.com

Jennifer B. Salvatore
105 E. Main Street
Northville, MI 48167
(248) 679-8711
salvatore@spplawyers.com
*Attorneys for Plaintiffs*

</td><td>

s/ John Fedynsky
John Fedynsky
Assistant Attorney General
State Operations Division
525 W. Ottawa Street
Lansing, MI 48909
(517) 373-7573
fedynskyj@michigan.gov
*Attorney for Defendants*

</td></tr>
</table>