UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL JOSEPH HARCZ, JR., ELEANOR
CANTER, BRIAN DIAN, MARK EAGLE,
TERRY EAGLE, DAVID ROBINSON, and
JOSEPH SONTAG,

        Plaintiffs,

v.

BRODY BOUCHER, JASON WILLIAMS,
JEFF HELD, EDWIN HENRIQUEZ, BRIAN
GEORGE, RYAN DAVIS, STEPHEN
THOMAS, KEVIN COOK, VINCENT
MUNOZ, DAN BROCKLEHURST,

        Defendants.

Case No. 1:17-cv-00112

Hon. Gordon J. Quist

Mag. Phillip J. Green

**STIPULATED PROTECTIVE ORDER**

Julie B. Porter (P81386)
Jennifer B. Salvatore (P66640)
Salvatore Prescott & Porter, PLLC
Attorneys for Plaintiffs
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
porter@spplawyers.com

John G. Fedynsky (P65232)
Andrew J. Jurgensen (P81123)
Attorneys for State Defendants
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
fedynskyj@michigan.gov
jurgensena2@michigan.gov

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court upon Stipulation of the parties, by and through their respective counsel, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED THAT:

(1) When used in this Order, "confidential documents" mean documents of a type contemplated by Federal Rule of Civil Procedure 26(c) which a party, in good faith, regards as confidential, proprietary, trade secret(s), or other sensitive business or personal information, including medical records, tax records, any and all education and employment records of parties and of non-parties (e.g., personnel files, medical notes/documents, disciplines, and/or civil service files), and financial information.  However, the Court in accordance with the provisions of the Federal Court Rules and relevant case law shall, if required, make the ultimate determination of whether information is actually entitled to the designation "Confidential" and nothing in this Order shall be deemed to have altered the parties' burdens in establishing or disputing the propriety of any designation of confidentiality.  Confidential documents will be marked "confidential — produced pursuant to protective order" or otherwise designated as "confidential."

(2) Confidential Documents and/or their contents made available pursuant to this Protective Order, including by way of answers to interrogatories, document requests, and/or subpoenas for records or during depositions, shall not be disclosed or produced to any other party, person or entity other than the parties to this matter, or their attorneys, expert witnesses, the Court and mediators/facilitators. Experts shall be required to agree to and abide by this protective order.

(3) All confidential documents, as that term is defined by Paragraph 1, shall be used solely for the prosecution and/or defense of this action.

(4)     At the conclusion of this litigation all Confidential Documents and copies of such documents shall either be returned to the counsel for each respective party or destroyed by the counsel for each respective party within 30 days following entry of a final judgment order or order disposing of this action.

(5)     The parties may petition the Court to lift the "confidential" designation of any document. The burden shall rest with the party defending the "confidential" designation to establish the appropriateness of the designation, and this Order shall not alter or affect the quantum of proof required under generally applicable precedent to do so. The document designated as confidential shall be treated as confidential and subject to the provisions of this protective order until the court orders the confidential designation be stricken.

(6)     This Order shall not bar or restrict the use of any documents or information at trial.

(7)     This Protective Order may be modified by further written stipulation between the parties through their respective counsel or by further order of the Court. Nothing in this Protective Order shall preclude any party from seeking additional protection with respect to the confidentiality of documents or information or from seeking to modify or set aside this Protective Order.

(8)     The inadvertent production of any Discovery Material in this action shall not prejudice any claim that such Discovery Material is protected from discovery by the attorney-client privilege or attorney work-product doctrine and no person shall be held to have waived any rights by such inadvertent production.  Any Discovery Material so produced and subsequently made subject to a claim of privilege or work-product shall immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such Discovery Material shall not be introduced into evidence in this or any other proceeding by any person or order of the

Court, nor will such Discovery Material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding. The production of any Discovery Material in this action, which, absent such production, would have been in whole or in part privileged under the attorney-client privilege or the attorney work-product doctrine, will not waive the attorney-client privilege or the attorney work-product doctrine as to any material not produced, regardless of its subject matter.

    IT IS SO ORDERED.

Dated: January 24, 2020                        /s/ Gordon J. Quist
                                           Hon. Gordon J. Quist
                                           United States District Court Judge

We hereby stipulate to the entry of the above Order.

   s/ Julie B. Porter
   Julie B. Porter (P81386)
   Jennifer B. Salvatore (P66640)
   Salvatore Prescott & Porter, PLLC
   Attorneys for Plaintiffs
   1010 Davis Street
   Evanston, IL 60201
   (312) 283-5711
   porter@spplawyers.com

   s/ John G. Fedynsky (with consent)
   John G. Fedynsky (P65232)
   Attorneys for State Defendants
   P.O. Box 30754
   Lansing, MI 48909
   (517) 335-7573
   fedynskyj@michigan.gov