UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL JOSEPH HARCZ, JR., ELEANOR
CANTER, BRIAN DIAN, MARK EAGLE,
TERRY EAGLE, DAVID ROBINSON, and
JOSEPH SONTAG,

    Plaintiffs,

v

BRODY BOUCHER, JASON WILLIAMS, JEFF
HELD, EDWIN HENRIQUEZ, BRIAN
GEORGE, RYAN DAVIS, STEPHEN THOMAS,
KEVIN COOK, and VINCENT MUNOZ,

    Defendants.

No. 1:17-cv-112

HON. JANE M. BECKERING

MAG. PHILLIP J. GREEN

## CORRECTED STIPULATED ORDER TO SUBSTITUTE PARTIES AND RESOLVE CERTAIN CLAIMS PURSUANT TO A PRIOR OFFER OF JUDGMENT

The represented parties, by counsel, submit this corrected stipulated order to substitute parties and resolve certain claims pursuant to a prior offer of judgment under Federal Rule of Civil Procedure 68.

1. The parties have attempted in good faith to settle this case. However, private mediation on December 21, 2023 and a settlement conference with the magistrate judge on January 10, 2024 did not result in settlement.

2. On January 31, 2024, Defendants' counsel sent Plaintiffs' counsel an offer of judgment, which included the following essential terms:

    (i) Total payments by the State of Michigan of $500,000, to be disbursed as follows:
        Eleanor Canter – $25,000
        Brian Dian – $25,000

>       Mark Eagle – $25,000
>       Terry Eagle – $25,000
>       Paul Joseph Harcz, Jr. – $50,000
>       David Robinson – $25,000
>       Joseph Sontag – $25,000
>       Plaintiffs' counsel – $300,000

(ii) a complete release of all claims against Defendants and the State of Michigan, and

(iii) each payee successfully registering as a vendor on Michigan's Statewide Integrated Government Management Application System (SIGMA)

3. On February 14, 2024, Plaintiff's counsel responded in a letter that "Plaintiffs Eleanor Canter, Brian Dian, Mark Eagle, Paul Joseph Harcz, Jr., David Robinson, and Joseph Sontag accept the Offer of Judgment, including the individual payment amounts attributed to them and the $300,000 amount for costs and attorneys' fees." Plaintiff Terry Eagle did not accept.

4. On February 15, 2024, Defendants' counsel responded and indicated he would pass the correspondence on to his client representative and management. He inquired about what he could advise them about the claims of Terry Eagle, including any potential costs and attorney's fees.

5. On February 22, 2024, Plaintiffs' counsel moved to withdraw from representing Terry Eagle. (ECF No. 165.) The motion asserted the following grounds: (i) "a conflict developed between Plaintiffs' positions, such that the firm cannot continue to represent Mr. Eagle consistent with the rules of professional responsibility," (ii) a breakdown in the attorney-client relationship, and (iii) Eagle's consent to the firm's withdrawal. (*Id.* at PageID.2481-2482.)

6. On February 27, 2024, the Court conducted a telephone conference with Defendants' counsel, Plaintiffs' counsel, and Mr. Terry Eagle.

7. On February 28, 2024, the Court granted the motion to withdraw. (ECF No. 169.)

8. On February 29, 2024, counsel for the represented parties conducted a telephone conference along with authorized representatives of the Michigan State Police (MSP). MSP raised concerns about the form of the settlement. Plaintiffs' counsel indicated that their clients were unwilling to sign a settlement agreement in lieu of a renewed offer of judgment.

9. Counsel have conferred and believe that, with the Court's approval, each side's concerns may be addressed and accommodated in the following manner, for purposes of resolving this matter. First, the parties to this stipulation propose, for purposes of indemnification and consistent with a limited, case-specific waiver of applicable sovereign immunity, substituting the Michigan State Police (who are represented by the same counsel) for Defendants Brody Boucher, Jason Williams, Jeff Held, Edwin Henriquez, Brian George, Ryan Davis, Stephen Thomas, Kevin Cook, and Vincent Munoz. Second, the Court may then enter judgment against Defendant MSP with the following essential terms:

(i) Total payments by the State of Michigan of $475,000, to be disbursed as follows:
- Eleanor Canter – $25,000
- Brian Dian – $25,000
- Mark Eagle – $25,000
- Paul Joseph Harcz, Jr. – $50,000
- David Robinson – $25,000
- Joseph Sontag – $25,000

3

Plaintiffs' counsel – $300,000

(ii) Plaintiffs Eleanor Canter, Brian Dian, Mark Eagle, Paul Joseph Harcz, Jr., David Robinson, and Joseph Sontag's complete release of all claims against Defendants and the State of Michigan, and

(iii) each payee successfully registering as a vendor on Michigan's Statewide Integrated Government Management Application System (SIGMA).

Accordingly, the parties submit this Stipulated Order to Substitute Parties and Resolve Certain Claims Pursuant to a Prior Offer of Judgment.

| | |
|---|---|
| */s/ Julie Porter (w/permission)*<br>Julie Porter<br>Attorney for Plaintiffs Eleanor Canter.<br>Brian Dian, Mark Eagle, Paul Joseph<br>Harcz, Jr., David Robinson, and<br>Joe Sontag<br>March 7, 2024 | */s/ John Fedynsky*<br>John Fedynsky (P65232)<br>Assistant Attorney General<br>Attorney for Defendants<br>March 7, 2024 |

**ORDER**

Pending before the Court is the represented parties' Corrected Stipulated Order to Substitute Parties and Resolve Certain Claims Pursuant to a Prior Offer of Judgment. The Court having reviewed the filing:

IT IS HEREBY ORDERED that the Corrected Stipulation is GRANTED. For purposes of this Order, Defendant Michigan State Police may SUBSTITUTE for Defendants Brody Boucher, Jason Williams, Jeff Held, Edwin Henriquez, Brian George, Ryan Davis, Stephen Thomas, Kevin Cook, and Vincent Munoz.

IT IS FURTHER ORDERED AND ADJUDGED that judgment may enter against MSP with the following essential terms:

4

(i) Total payments by the State of Michigan of $475,000, to be disbursed as follows:
> Eleanor Canter – $25,000
> Brian Dian – $25,000
> Mark Eagle – $25,000
> Paul Joseph Harcz, Jr. – $50,000
> David Robinson – $25,000
> Joseph Sontag – $25,000
> Plaintiffs' counsel – $300,000

(ii) Plaintiffs Eleanor Canter, Brian Dian, Mark Eagle, Paul Joseph Harcz, Jr., David Robinson, and Joseph Sontag's complete release of all claims against Defendants and the State of Michigan, and

(iii) each payee successfully registering as a vendor on Michigan's Statewide Integrated Government Management Application System (SIGMA)

IT IS FURTHER ORDERED that the claims of Plaintiffs Eleanor Canter, Brian Dian, Mark Eagle, Paul Joseph Harcz, Jr., David Robinson, and Joseph Sontag, along with any claim for attorney's fees and costs, are RESOLVED.

This is NOT a final order that resolves all claims in this case.

DATED: March __, 2024         /s/_____
                              Jane M. Beckering
                              United State District Judge